Allen, J.
 

 The plaintiff in error sets up as his principal assignment of error the rendering of judgment in favor of Herring for the sum of $1,200, with interest thereon, claiming that the value of the truck was a question of fact upon which he should have been allowed to introduce evidence prior to the rendering of judgment.
 

 With this conclusion we are in accord. The case was submitted upon demurrer, and the admissions of fact made by counsel for the receiver were made for the purpose of the legal argument upon demurrer. Hence the facts set forth in the cross-petition and demurrer were not admitted by the receiver in the sense that the admission constituted a substitute for evidence in the trial upon the merits.
 

 
 *185
 
 ‘ ‘ The admission arising from a demurrer is in no sense to he regarded as an acknowledgment, or used as evidence, or considered as equivalent to evidence. It merely denies the legal sufficiency of the facts alleged, and hence such facts are said to be admitted, and, impliedly, they are admitted, but solely for the purpose of testing their sufficiency in law. "When the demurrer is overruled the implied admission has served its purpose. ’ ’ 21 Ruling Case Law, 509, 510, citing
 
 Sprague
 
 v.
 
 New York & New England Rd. Co.,
 
 68 Conn., 345, 36 A., 791, 37 L. R. A., 638;
 
 Grover Irrigation & Land Co.
 
 v.
 
 Lovella Ditch, Reservoir & Irrigation Co.,
 
 21 Wyo., 204, 131 P., 43, L. R. A., 1916C, 1275, Ann. Cas., 1915D, 1207.
 

 Moreover, while the entry of the court speaks verity, according to the entry counsel for plaintiff in error did not admit that the truck was worth $1,200. The entry states that counsel admits that “the only question involved in the case is whether the plaintiff is liable to the defendant in the sum of $400 or $1,200 as to the value of the truck taken.” Therefore it appears that the plaintiff in error never admitted that the value of the truck was that claimed by the defendant in error, and hence this judgment as to an issue of fact was entered in the face of an entire lack of either admission or testimony as to the reasonable value of the truck. Also, in our judgment it was an abuse of discretion, under the circumstances set forth in the record, not to permit plaintiff in error to file his answer denying the material allegations of the cross-petition, and for these prejudicial errors the judgment of the court of common pleas should have been reversed.
 

 Judgment reversed, and cause remanded.
 

 
 *186
 
 Marshall, C. J., Kinkadb, Matthias and Day, JJ., concur.
 

 Robinson and Jones, JJ., concur in the syllabus, but dissent from the judgment.