**FRYMARK, Plaintiff-Appellee, v. BUCKEYE UNION CASUALTY COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24143. Decided December 19, 1957.

Fred P. Soukup, for plaintiff-appellee.

McConnell, Blackmore, Cory, Burke & Kundtz, for defendant-appellant.

(HORNBECK, J, of the Second District, sitting by designation in place of HURD, J.)

**OPINION**

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment entered for the plaintiff upon trial to the court in the Municipal Court of Cleveland. The action is based on contract.

The plaintiff-appellee purchased a policy of indemnity insurance from the defendant which, in part, provided:

"The Buckeye Union Casualty Company (herein called the Company) agrees with the Insured * * * to pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason

of the liability imposed upon him by law for damages, * * * because of bodily injury, * * * sustained by any person or persons, caused by accident and arising out of such of the hazards hereinafter defined * * *."

The policy of insurance also provided under the heading "Definition of Hazards:"

"The ownership, maintenance or use, * * * of the premises, and all operations during the policy period which are necessary or incidental to such purposes.

"* * *

"As respects such insurance as is afforded by the other terms of this policy, the Company shall:

"(A) serve the Insured by inspection of the hazards covered by this policy when and as deemed desirable by the Company and thereupon suggest such changes or improvements as may in the Company's judgment operate to reduce the number or severity of accidents from such hazards:

"(B) defend in his name and behalf any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent; but the Company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the Company; * * *"

The plaintiff was engaged in the tavern business. The policy of casualty insurance was purchased for the operation of such business. The plaintiff alleges that she was made a defendant in a suit for damages by one James Unger resulting from an alleged accident occurring to Unger while he was a patron in plaintiff's tavern. The action against this plaintiff was filed in the Court of Common Pleas of Cuyahoga County, Ohio, by Unger, who alleged in his second amended petition that he came into this plaintiff's tavern in an intoxicated condition; that he seated himself on a stool at the bar where this plaintiff continued to serve him additional intoxicating liquors, as a direct result of which he became completely incapacitated and lost all control over his faculties.

"Plaintiff says that as a direct and proximate result of defendant's sale to him of additional intoxicating liquors, after he was already intoxicated and had lost control over his faculties, resulting therefrom, he was caused to fall from the stool upon which he was sitting, catching his right foot on the foot rest of the base of said stool, breaking his right leg and rendering him unconscious."

The second amended petition of James Unger against this plaintiff then alleges that there was then in force in Ohio §6064-22 GC. (Sec. 4301.22 R. C.) prohibiting sales of liquor to intoxicated persons. Just what this section has to do with Unger's claim is not stated in this pleading. The basis of the action, however, is the sale of intoxicating liquor to Unger after Unger was, to the knowledge of this plaintiff, drunk, whereby he completely lost control of his faculties, by reason of which he fell, sustaining injury.

In the first petition and the first amended petition filed by Unger, it is alleged that the violation of the statute above referred to was a proximate cause of Unger's fall and the right to recover was founded on that basis.

The plaintiff notified this defendant of the action filed against her by Unger, claiming this defendant was obligated, under its policy of insurance, to conduct her defense. The defendant refused such request on the ground that the action, instituted by Unger, did not come within the terms of its policy of insurance. Whereupon, this plaintiff employed counsel.

This plaintiff's counsel filed a demurrer to each of Unger's successive petitions. In each case such demurrer was sustained. After the ruling on the demurrer to the second amended petition (Unger not desiring to plead further), final judgment was entered against him. The plaintiff then appealed the final judgment entered against him to this court where the judgment for the defendant was sustained on the ground that the second amended petition of Unger did not state a cause of action.

This plaintiff expended $300 for her defense as counsel fees. No question is claimed but that the amount was a reasonable one under the circumstances.

The defendant's assignment of error is as follows:

"1. The trial court erred in failing to grant defendant's motion for judgment, for the reason that as a matter of law Unger's injury as described in his petition was not 'caused by accident' within the meaning of the policy."

The allegations of the plaintiff's petition upon which the right of recovery of expenses is claimed by reason of the contract of insurance, after setting forth the provision of the policy relied upon (the provisions of which are admitted), and the action against her for which the defense money was expended, she sets forth the following allegations: "* * * by reason of injuries alleged to have been suffered by him (Unger) while seated on a stool in front of the bar in plaintiff's tavern and which was at that time insured by the policy of this defendant" as the basis upon which she is entitled to recover in this action. The provisions of the policy depended upon are quoted above.

There being no allegation that an accident occurred as the basis of presenting a claim within the terms of the policy, the plaintiff failed to state a cause of action. Therefore, a recovery against the defendant cannot be had.

Aside from the failure of plaintiff to state a cause of action in her petition, the evidence, presented by uncontroverted statements of counsel, received as evidence by stipulations of fact and facts established by admissions in the pleadings, is not sufficient to establish a claim within the provisions of the policy. An accident is not even suggested by the evidence. The proof is that because of his complete stupefaction from drinking alcoholic beverages furnished by the plaintiff, Unger did not have the physical ability to stay on the stool. In fact, it would have been an accident, that is, an unexpected occurrence, if he had not fallen. In order to be entitled to legal services under the terms of the policy,

the claim made against the insured must come within the protection of the policy, that is, within the definition of the hazards insured.

In the case of **First National Bank of Akron v. The Ohio Casualty Insurance Co., 101 Oh Ap 37, 137 N. E.** 2d 770, the court said in **paragraphs 1, 3 and 4,** of the syllabus:

"1. Under a policy of liability insurance in which the insurance company contracts to defend actions against its insured, the obligation to defend arises when there is filed a petition against the company's insured which pleads an action **within the coverage of the policy.** The obligation to defend exists regardless of the insurance company's ultimate liability to the insured.

"3. A demurrer interposed by a plaintiff to the answer of a defendant which pleads a complete defense to an action in tort does not constitute such an admission of fact by the plaintiff as to relieve a liability insurance company from defending the action, where the petition pleads facts against the insurance company's insured sufficient to bring the action **within the coverage of the policy.**

"4. The refusal of an insurance company to defend an action against its insured, where the allegations of the petition fall **within the coverage of its policy** of liability insurance, renders such company liable for the reasonable costs and expenses of a defense to the suit through other sources." (Emphasis added.)

Here the plaintiff was an employee of the lessee, operator of the Portage Hotel. She had received Workmen's Compensation as such employee for the same injuries as were the basis for damages claimed in this action. The Bank held the legal title to the property on which the hotel was situated as trustee for the land trust certificate holders. The policy of casualty insurance, issued by the insurance company to the operating company, contained a rider extending the insurance to the bank as trustee for the certificate holders. The plaintiff in this action claimed that this defendant had been negligent in maintaining a passenger elevator in violation of statute which it was said made the lessor liable. There was no claim that the elevator was not in safe condition at the beginning of the lease. Upon demurrer, it was held that no action was stated against the Bank. This ruling was sustained by the Court of Appeals and the Supreme Court. It was clear, however, that the claim of the plaintiff, if legally sufficient, was one included within the coverage of the policy (an accidental injury sustained because of the alleged negligence of the Bank) and as indicated by the syllabus above quoted, the insurance company was, by its policy, required to defend the Bank against the action. This case now before us is clearly distinguishable on the facts from the First National Bank case, supra. In the case now before us an accidental injury is not pleaded.

We must conclude, therefore, that the judgment entered for the plaintiff was entered in an erroneous interpretation of the contract of indemnity insurance and is, therefore, reversed and final judgment entered for the defendant.

HORNBECK and KOVACHY, JJ, concur.