38133. FIREMAN'S FUND INDEMNITY COMPANY *v.* MOSAIC TILE COMPANY *et al.*

DECIDED MAY 9, 1960—REHEARING DENIED MAY 23, 1960.

702

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Ferrin Y. Mathews,* contra.

BELL, Judge. This is an action for a declaratory judgment to determine the question as to whether an insurance company (Fireman's Fund Indemnity Company) is bound to defend a suit seeking damages for personal injuries and pay any of the damages awarded therein where the carrier had issued an auto-

mobile bodily injury liability policy to a company (Gate City Tile Company) whose employee (Aaron Martin) was injured and received benefits under a workmen's compensation insurance policy, where the employee sued in tort another company (Mosaic Tile Company) which had become an additional insured under the terms of the insurance policy. Pursuant to the agreement and stipulation of the parties, the issues are narrowed to one point. The only matter for decision is the meaning of the word "insured," as contained in §§ (d) and (e) of the "exclusions" provisions of the policy issued by the Fireman's Fund Indemnity Company to the Gate City Tile Company. It is stipulated by the parties that the plaintiff in this declaratory judgment action, the Mosaic Tile Company, was an additional insured within the terms of the policy, but the contention is that the insurance was not extended to this particular injury because of the exclusionary sections.

The insurance contract in regard to matters here relevant seems clear and unambiguous so as to be clearly observable by the parties. Further, the insurance policy carefully defines its terms and contains the following: "III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either." There is no dispute that the word "insured" as so defined does extend the initial coverage of the insurance to the plaintiff Mosaic Tile Company, but it is contended by Mosaic that the defined meaning of the word "insured" does not apply to it as to the exclusions in the policy. We cannot agree with this contention, for a contract of insurance clearly defining the meaning of the word "insured" which leaves no ambiguity or deceptive verbiage, is not open to construction, and the literal meaning must be attributed to it. If the exclusion applies to include also an additional insured, in this case the Mosaic Tile Company, then

704

Mosaic in the final analysis has no coverage under this policy for the bodily injury.

To repeat, the policy defines the word "insured" as follows: ". . . With respect to the insurance for bodily injury liability . . . the unqualified word 'insured' includes the named insured and . . . also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with the permission . . ." of the named insured. This definition is broad enough to include, and clearly does include, both the named insured and all additional insured. Let us look, then, at the exclusionary sections of the policy itself which remove from the coverage of the relative part of the policy the following: "(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured, arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured; (e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; . . ." Since the definition of insured as set forth in the policy is clear, then the exclusion applies to the Mosaic Tile Company as an additional insured. Inasmuch as the stipulation of facts entered into by the parties states: "It is agreed that on November 29, 1955, Aaron Martin sustained injuries as the result of an accident which arose out of and in the course of his employment by the Gate City Tile Company and that Fireman's Fund Indemnity Company as the insurance carrier for Gate City Tile Company paid to Aaron Martin compensation for such injuries as provided for in the Georgia Workmen's Compensation Act and also paid certain medical expenses which were incurred in treating Martin for his injuries," it is held that the exclusionary § (e) operates to preclude the Mosaic Tile Company from coverage under the Fireman's Fund Indemnity Company policy issued to the Gate City Tile Company in the bodily

injury suit at hand. It follows that the Fireman's Fund Indemnity Company is not required to defend the suit or to pay any damages which might be awarded to the plaintiff.

With the clear definition of the meaning of the unqualified word "insured" set out, the policy contains many provisions wherein it extends to or excludes from coverage, different parties depending upon whether the party is the insured or the named insured. For example, § (g) of the exclusionary provisions refers to the named insured and in that section cites the named insured three times. In § 12 of the insurance policy duties are required of the named insured. Section 13 also deals with the named insured. But in each instance the words "named insured" are qualified and thence the term where used applies only to the named insured and not to all "insured" as defined in the policy.

It seems clear, then, by the terms of the policy itself that the word "insured" when unqualified had a definite scope and meaning and that the words "named insured" had a more restricted and narrow meaning. These two disparate meanings seem obvious in the contents of the policy. Therefore, there is no ambiguity in this insurance policy as to these matters, and so no construction is required or permissible. The language must be given its literal meaning and the words their plain and ordinary effect as defined in the policy. *Wolverine Ins. Co.* v. *Jack Jordan Inc.*, 213 *Ga.* 299 (99 S. E. 2d 95) ; *Golden* v. *National Life &c. Ins. Co.*, 189 *Ga.* 79 (5 S. E. 2d 198, 125 A. L. R. 838) ; *Robinson* v. *Washington Nat. Ins. Co.*, 72 *Ga. App.* 19 (32 S. E. 2d 855) ; *Daniel* v. *Jefferson Standard Life Ins. Co.*, 52 *Ga. App.* 620 (184 S. E. 366). See also Code § 56-815.

The trial court erred in adjudging that the plaintiff was entitled to the protection of the policy, and erred in refusing and declining to vacate and set aside its judgment.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*