RUPEL, APPELLANT, *v.* GENERAL MOTORS CORP. ET AL., APPELLEES.*

(No. 2754—Decided July 2, 1963.)

*Messrs. Worman & Simpson,* for appellant.

*Messrs. Cowden, Pfarrer, Crew & Becker,* for appellees General Motors Corporation and Texaco, Inc.

*Messrs. Coolidge, Wall & Wood* and *Mr. Robert B. Womsley,* for appellees Maple Heights Investment Corporation and Normandy Heights Section One, Inc.

---

*Motion to certify the record (38378) overruled, January 15, 1964.

KERNS, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County.

On September 12, 1961, the plaintiff, James Rupel, appellant herein, filed a petition naming General Motors Corporation, Texaco, Inc., Maple Heights Investment Corporation and Normandy Heights Section One, Inc., appellees herein, as parties defendant in an action seeking the enforcement of a covenant restricting the use of a certain parcel of land formerly owned by him to residential purposes, or, in the alternative, for damages for breach of the restrictive covenant.

Defendants General Motors and Texaco filed separate motions to require plaintiff to separately state and number the causes of action. Defendants Maple Heights and Normandy Heights filed a motion to strike, make definite and certain and separately state and number the causes of action. The motions to separately state and number were sustained. The motions to strike and make definite and certain were sustained in part and overruled in part.

On November 3, 1961, plaintiff filed an amended petition setting forth three causes of action. Defendants General Motors and Texaco filed separate demurrers on the ground that the amended petition does not set forth facts which show a cause of action against them, and Maple Heights and Normandy Heights filed a joint demurrer on the same ground.

On December 13, 1962, the trial court entered judgment sustaining the demurrers and dismissing the amended petition.

The sole issue to be determined in this appeal is whether the plaintiff's amended petition states a cause of action.

The amended petition provides as follows:

"Now comes the plaintiff in the above entitled action and for his first cause of action says that on the 17th day of January 1957 defendant General Motors Corporation entered into an agreement with plaintiff to sell certain real estate to plaintiff described as follows: * * *

"[Description of real estate containing .482 acres, more or less.]

"By said agreement defendant General Motors Corporation agreed to convey fee simple title with covenants against

the acts of the grantor. On or about March 13, 1957 defendant General Motors Corporation, delivered to plaintiff, for a valuable consideration a deed to the aforedescribed real estate. Contained in said deed from General Motors Corporation to plaintiff was the following covenant:

" 'As part of the consideration hereof, the said James Rupel covenants and agrees to and with the said General Motors Corporation and this conveyance is made subject to the following restrictions and limitations as to the use of said premises: that the premises may be used for residential purposes only and that no building to be erected on said land shall be used otherwise than as a private dwelling house except that the land may be used as a Medical Center and that a Medical Center Building may be constructed thereon.'

"Plaintiff further states that on or about the 29th day of July 1957 for a consideration of $3,000.00, he delivered to the defendant Maple Heights Investment Corporation a duly acknowledged deed to the aforesaid real estate and that General Motors Corporation, by a quitclaim deed of date July 26, 1960 from General Motors Corporation to Maple Heights Investment Corporation, purported to relieve all restrictions on the use of the land.

"Second Cause of Action

"For his second cause of action plaintiff repeats all the facts and allegations of his first cause of action as fully as if set forth herein and in addition plaintiff also says that in dealing with the defendant Maple Heights Investment Corporation plaintiff relied on the aforesaid restriction on use in fixing the selling price of the land; and that if he, plaintiff, had been able to use the real estate for commercial purposes he would not have sold it for the consideration received from the Maple Heights Investment Corporation.

"Plaintiff further states that Maple Heights Investment conveyed the said real estate (along with other real estate) by a deed of date May 26, 1961, to Normandy Heights Section One, Incorporated and purported to convey said real estate free and clear of the aforesaid restriction; that Normandy Heights Section One, Incorporated, by a deed dated June 19, 1961, conveyed the said real estate to defendant Texaco Incorporated for a consideration of Sixty-two thousand five hundred dollars

($62,500.00) and purported to convey said real estate free and clear of the aforesaid restriction on use; and that each of the parties named herein had notice of the existence of the restriction on the use of the subject real estate.

"Third Cause of Action

"For his third cause of action plaintiff repeats all the facts and allegations of his first and second causes of action as fully as if set forth herein and in addition plaintiff also says that defendant Texaco Incorporated, the present owner of the subject real estate has constructed a gasoline service station thereon and intends to use said premises for the purpose of operating the said gasoline service station. By reason of the facts and allegations stated in the foregoing first, second and third cause of action plaintiff says he has been irreparably damaged and has no adequate remedy at law.

"Wherefore, plaintiff prays that defendant, Texaco, Incorporated, be permanently restrained and enjoined from using the said real estate for the purpose of a gasoline service station or for any other commercial use; that the quit claim deed from General Motors Corporation to Maple Heights, Incorporated be declared to be of no effect as to release of the restrictive covenant; that defendant, General Motors Corporation be permanently restrained and enjoined from doing any act purporting to release the restrictive covenant; and for such other relief in law and equity as plaintiff may be found to be entitled to and for his costs herein.

"In the alternative, plaintiff prays for a money judgment against defendants jointly in the amount of Fifty-nine Thousand Five Hundred Dollars ($59,500.00) and his costs herein."

When a general demurrer challenges a petition, the test is whether, if proof be made only of the allegations pleaded, a legal liability would thereby be created as against the defendants. *Armour & Co.* v. *Ott, Admx.*, 117 Ohio St., 252. A demurrer creates no allegations not contained in the pleadings. *First National Bank of Akron* v. *Ohio Casualty Ins. Co.*, 101 Ohio App., 37. It merely denied the legal sufficiency of the facts actually alleged. *Seibert, Recr.*, v. *Herring*, 121 Ohio St., 181.

What rights or liabilities are alleged by the plaintiff's amended petition in the present case? Assuming proof of the

156

allegations therein, what right is asserted which might be entitled to either legal or equitable redress? In substance, the plaintiff merely states that he purchased a certain parcel of real estate subject to certain limitations and restrictions and sold it a few months later subject to the same limitations and restrictions. He received what he paid for and sold what he received. After sale, he possessed no interest in the subject premises which was capable of being altered by the acts of any of the defendants. At that point, his position with respect to the real estate was not unlike that of a stranger.

We recognize that a covenant restricting the use of land for residential purposes is valid and enforceable in Ohio at the instance of one who has been affected by noncompliance with any such restriction. But this proposition of law is not pertinent to the present inquiry.

Here, the problem presented is more fundamental. The plaintiff's amended petition seeks the creation of bargaining power rather than the protection of an existing right. His pleading discloses no present legal or equitable interest in the subject premises. To entitle a party to an injunction his right must be clear. 29 Ohio Jurisprudence (2d), 180, Section 16.

Particularly applicable here, in our opinion, is the following passage from 29 Ohio Jurisprudence (2d), 182, Section 17:

"Injunction will only issue at the instance of a suitor who has sufficient title or interest in the right or property sought to be protected. It is always a ground for denying injunction that the party seeking it does not have sufficient title or interest to sustain it. The court will not exercise its power by way of injunction for the protection of an abstract right, nor sit in an injunction case and decide matters of purely academic interest, nor decide technical matters where no one's interest appears to be subserved thereby."

In construing the instant pleading most favorably to the plaintiff, as we must upon demurrer, we perceive no protectable right or interest which might give rise to a cause of action in favor of the plaintiff against the defendants. No real interest will be subserved by prolonging this proceeding.

The judgment is therefore affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.