40762, 40763.   AUTOMATIC ICEMAKER COMPANY, INC. v. SUN INSURANCE OFFICE LTD.; and vice versa.

290

DECIDED SEPTEMBER 22, 1964.

*James A. Able, Jr., George L. Ricketson,* for plaintiff in error. *Smith, Ringel, Martin, Ansley & Carr, Meade Burns, H. A. Stephens, Jr.,* contra.

RUSSELL, Judge. ■ The insurance policy in question contains an exclusion clause as follows: "This policy does not apply: . . . (f) under coverages A and B [bodily injury], to any obligations for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law." Mrs. Spires, the injured employee, did as a matter of fact obtain workmen's compensation benefits paid by the defendant in this case. Under the clear and unambiguous terms of the policy, therefore, the defendant was correct in its contention that there was no coverage under its policy issued to the plaintiff on this set of facts. *Fireman's Fund Indem. Co. v. Mosaic Tile Co.,* 101 Ga. App. 701 (115 SE2d 263).

■ It is further contended that although under exclusion (f) in the insurance policy which eliminates coverage B (bodily injury) in the event the insured is held liable under the workmen's compensation law, exclusion (a), which specifies that the policy does not apply "to liability assumed by the insured under coverages B and D," amounts to a blanket agreement by the insurer to protect the insured as to any indemnity agreement it might have regarding liability for bodily injury to others arising out of contract. It is recognized that the policy contemplates the lease as a contract within the purview of this section. It is also recognized that the policy obligates the insurer "with respect to such insurance as is afforded by this policy" to defend "any suit

against the insured alleging such injury" even though it be false, fraudulent, or groundless. The plaintiff relies on *Loftin v. U. S. Fire Ins. Co.,* 106 Ga. App. 287 (127 SE2d 53) for the proposition that the insurer should have defended *Spires v. Fitzsimmons* as a "false and groundless suit" against its insured for the reason that it was vouched into court in that suit and would have been concluded by the judgment. The avouchment would have concluded Automatic Ice Company only as to the amount of the judgment and the right of its employee to recover against the lessor, but not as to any right of the lessor to recover against Automatic. The petition in that case alleged no facts at all which showed any liability by Automatic to its employee, and did not seek to hold Automatic liable. As stated in *Loftin* (p. 291): " 'A distinction must be drawn between groundless suits and actions which, even if successful would not be within the policy coverage.' 7A Appleman, [Insurance Law & Practice, 448, § 4684]. A claim based on the *true* facts not within coverage is not groundless within the meaning of the policy, but simply one for which liability insurance is not afforded and which the insurer did not undertake to defend (though the insured may be liable)." The action as brought sought no judgment against Automatic and none against it could have been rendered in that case. If the case directly affected a situation where insurance was afforded, then the insurer refused to defend at its peril. The lessor did successfully undertake to collect the attorney fees in the first case in a direct action against Automatic in the second case based on Automatic's "use and occupancy of the premises." Again, if this action was based on a fact situation where coverage was afforded, or if it was a "false and groundless suit" the insurer might refuse to defend at its peril. That it was not the latter is shown by the fact that recovery was obtained. That it was not the former is shown by the facts established in the present action, that is, that there was no coverage because the original injured party was covered by workmen's compensation. Exclusion (a) cannot be read into the policy in such manner as to establish liability where none otherwise exists. To say, "This policy does not apply to liability assumed by the insured under any contracts or agreement except under coverages B and D" means in this context, "Bodily injury liability for which the insured is liable under a

workmen's compensation law (not covered by the policy) is not excluded from the policy because of the fact that it is assumed under contract." It does not mean that a bodily injury liability otherwise excluded from the policy by its express terms may be brought within it simply because such liability has been assumed by contract. Exclusion (a) does not nullify exclusion (f). It does not write into the policy anything otherwise not covered. First National Bank of Akron v. Ohio Casualty Ins. Co., 101 Ohio App. 37 (137 NE2d 770) is not in point here for the reason that, although the relations of the parties and the general terms of the policy are the same, the lessor in that case was by the terms of a rider attached to the policy an extended insured of the defendant. Under those circumstances the insurance company had an obligation to defend the lessor on a demurrer hearing where it did not appear from the petition that the employee plaintiff came under the exclusion relating to payment of workmen's compensation. But that case also states that, had this appeared, there would have been no coverage, as to either the lessor or the lessee.

It follows that the trial court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed on main bill of exceptions; cross bill dismissed. Nichols, P. J., and Hall, J., concur.*