SOUTHERN GUARANTY INSURANCE
COMPANY, Plaintiff,

v.

UNION TIMBER COMPANY, et
al., Defendants.

Civ. A. No. 88–17–VAL (WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

March 22, 1989.

---

Robert M. Darroch, Atlanta, Ga., for plaintiff.

Berrien L. Sutton, Homerville, Ga., and William E. Moore, Jr., Valdosta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

On June 24, 1987, Robert Frank Sessoms owned land in Clinch County, Georgia, upon which he had cultivated blueberries on approximately eight acres. Mr. Sessoms' friend, Winston Peterson, agreed to handle the harvesting of the blueberries while Mr. Sessoms was out of town. Chad Jones and Juan Gordon, minors, were offered one dollar per bucket to pick the berries and Michael Shane Smith was offered twenty dollars to collect the buckets and to pay the pickers.

At approximately noon on June 24, 1987, Shane Smith was driving a 1985 Ford F–150 pick-up truck, owned by Frank Sessoms and insured by Southern Guaranty Insurance Company, back into Homerville after a morning of work at the blueberry field. Chad Jones and Juan Gordon who were passengers in the back of the truck were injured when they were thrown from the truck. As a result of these injuries, Alberta Jones, as guardian of Chad Jones, and Marilynn Priester, as guardian of Juan Gordon, filed suit against Peterson, Smith and Sessoms in the Superior Court of Clinch County on July 7, 1988.

On February 19, 1988, Southern Guaranty filed in this court a complaint for declaratory judgment based on diversity, naming as defendants Union Timber Company; Robert Frank Sessoms; Michael Shane Smith; Marilynn L. Priester, individually and as parent and natural guardian of Juan Tobias Gordon; Juan Tobias Gordon individually; Alberta Jones, individually and as next friend and natural guardian of Chad Jones; and Chad Jones individually. The lawsuit in state court is stayed pending this declaratory judgment.

The issue this court must decide is whether plaintiff Southern Guaranty must pay no fault benefits and defend and indemnify defendants Sessoms, Smith and Peterson with regard to Chad Jones' and Juan Gordon's injuries as a result of being thrown from the truck insured by Southern Guaranty. Defendant Sessoms claims to be covered under section II.(a) of the policy as "the named insured." Defendant Smith and Winston Peterson claim to be covered under section II.(c) as "any other person while using an owned automobile ... with the permission of the named insured, provided his actual operation *or (if he is not operating) his other actual use* [1] thereof is within the scope of such permission...." (emphasis added).

Plaintiff Southern Guaranty seeks to deny coverage under two separate exclusions:

---

1. The portion with emphasis applies to Peterson since he was not operating the vehicle but was "using" it with Sessoms' permission in order to facilitate the harvesting of the blueberries.

**1316**

I. Coverage C—Bodily Injury Liability

\* \* \* \* \* \*

Exclusions

This insurance does not apply:

\* \* \* \* \* \*

(c.) *to bodily injury to any employee of the insured arising out of and in the course of his employment* by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to any such injury arising out of and in the course of domestic employment by the insured *unless benefits therefore are in whole or in part either payable or required to be provided under any workmen's compensation law;*

[and]

II. Persons Insured

\* \* \* \* \* \*

None of the following is an insured:

(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment ...

(emphasis added). Plaintiff cites *Fireman's Fund Indemnity Co. v. Mosaic Tile Co.,* 101 Ga.App. 701, 115 S.E.2d 263 (1960), in support of the validity of its exclusions. However, *Fireman's Fund* (which dealt with a similarly worded exclusion) is clearly distinguishable in that the plaintiff in that case was entitled to and was paid worker's compensation benefits. Plaintiff goes on to state, "[t]he purpose of such exclusions in a liability policy is to prevent an insured from avoiding his responsibility under the worker's compensation laws." On page fourteen of its reply brief plaintiff admits that defendants Jones and Gordon were "farm laborers." O.C.G.A. § 34–9–2(a), however, specifically states that the Worker's Compensation Act does not apply to "farm laborers" or "to employers of such employees."

▮ When deciding whether an exclusion is void as a matter of public policy each exclusion must be evaluated individually. *Cotton States Mutual Insurance Co. v.*

*Neese,* 254 Ga. 335, 329 S.E.2d 136 (1985). The court must determine in the context of the case whether the exclusion either unfairly penalizes innocent victims or unfairly exposes the insured to liability. *Southern Guaranty Insurance Co. v. Preferred Risk Mutual Insurance Co.,* 257 Ga. 355, 359 S.E.2d 665 (1987). If the exclusion is broader than the tort immunity of the state, then the exclusion is against public policy. *GEICO v. Dickey,* 255 Ga. 661, 340 S.E.2d 595 (1986).

In the *Southern Guaranty* case the Supreme Court of Georgia upheld the validity of the exclusion in question upon finding that under the facts of that particular case there was neither unfair prejudice to innocent victims nor unfair exposure of the insured to unanticipated liability. The facts presently before this court, however, are different. Based upon the discussion above and the cases cited in the parties' briefs, this court finds that under the facts of this particular case the exclusions plaintiff seeks to rely upon are invalid as against the public policy of the State of Georgia. Therefore, this court DENIES plaintiff's motion for summary judgment and GRANTS defendants motion for summary judgment.

SO ORDERED.