SURLES *et al.* v. MILIKIN.

A printed timber lease, made August 4th, 1890, in which it was covenanted that the lessee might "commence boxing, working or otherwise using the said timber for turpentine purposes" at any time he might desire, and also that the lessee should "have the right to continue to box, work or otherwise use the said timber and every portion thereof for the full term of two years, beginning, with reference to each portion of the timber, from the time only that the boxing and working of each portion is commenced, it being the intention of the parties that this lease shall continue to operate until all of the timber and each and every portion thereof has been boxed, worked and otherwise used for turpentine purposes for the full period of two (2) years, and shall end after the year 1893," it appearing that the words "and shall end after the year 1893" were interlined before the lessor would consent to execute the lease, properly construed, gave the lessee no right at all to work or use the timber in question for any purpose after the expiration of the year 1893.

November 15, 1895.

Equitable petition.  Before Judge Sweat.  Wayne superior court.  May term, 1895.

*S. R. Harris* and *Goodyear, Kay & Brantley*, for plaintiffs in error.

*J. H. Thomas* and *J. W. Bennett*, contra.

LUMPKIN, Justice.

This case turned entirely upon the construction to be given a timber lease made August 4, 1890, the material portions of which are quoted in the head-note. It appears that the main portions of the instrument were in print, and

that before the lessor would agree to sign it, he required an interlineation in ink of the words, "and shall end after the year 1893."

It is a well settled rule, in construing contracts, such, for instance, as policies of insurance, the main portions of which are printed and the special or particular portions adapting it to the precise agreement of the parties are written, that the written words should be given greater force and effect than those which are printed. That rule is applicable, in principle, to the present case. The lessee contracted for the use of the timber, and every portion thereof, for the full term of two years. He was left free to begin boxing and working each portion of the leased premises whenever he chose, and to continue his operations as to such portion for two years, with the condition, nevertheless, that the entire contract, and all rights under it, should end with the year 1893. It is obvious that the contract thus construed could have been carried out, and that the lessee could have obtained the benefit of boxing and operating all the timber for two full years, for the contract was dated August 4th, 1890, and he had from that date until December 31st, 1893, a period of three years and several months, within which to get the benefit of the contract he made.

The court below entertained the same view of this contract which we have taken, and in so doing committed no error.                    *Judgment affirmed.*