### 44560. AETNA LIFE & CASUALTY COMPANY v. CHARLES S. MARTIN DISTRIBUTING COMPANY, INC. et al.

FELTON, Chief Judge. 1. " 'Where to the policy of insurance there is attached in favor of the mortgagee what is known as the "New York standard mortgagee clause," by the terms of which it is provided that the interest of the mortgagee shall not be invalidated by reason of any act or neglect on the part of the mortgagor, this agreement operates as a separate and distinct contract of insurance upon the mortgagee's interest, and gives to the mortgagee such an independent status as might authorize a recovery by him on the policy *even though the circumstances were such as would prevent a recovery by the mortgagor.' Southern States Fire &c. Ins. Co. v. Napier,* 22 Ga. App. 361, 362 (2) (96 SE 15). See also 11 Couch on Insurance 2d, 344, 348, §§ 42:685, 42:694." (Emphasis supplied.) *Employers' Fire Ins. Co. v. Penna. Millers Mut. Ins. Co.,* 116 Ga. App. 433, 436 (157 SE2d 807). Accordingly, in the plaintiff insured's action against the defendant insurer to recover under a fire insurance policy containing such clause, the defendant's defenses to the claim of the intervenor-mortgagee (appellee), i.e., that plaintiff had wilfully and fraudulently burned her property in order to collect the insurance thereon and had failed to perform all of the policy's conditions precedent, do not bar said mortgagee's claim to the proceeds of the policy under the mortgagee clause.

2. Where the typewritten description of the property covered in said policy specified the contents of the insured's named place of business, and the mortgagee clause of the title endorsement ended with the provision, *"The above mortgagee clause does not apply to personal property.*"* (Emphasis supplied) followed by "*Note to Agents—This [above-quoted] line (*) must be voided when clause is made applicable to personal property," the typewritten provision must govern over the conflicting printed one (which was not

134

voided by the defendant's agent as he was instructed to do) in construing the policy. See *Code* § 20-704 (7); 1 Couch on Insurance 2d, 738 et seq., § 15:49; Ibid., 772 et seq., § 15:71, citing, inter alia, the Georgia cases of *Arnold v. Empire Mut. Annuity &c. Ins. Co.*, 3 Ga. App. 685 (1) (60 SE 470) and *Maril v. Conn. Fire Ins. Co.*, 95 Ga. 604 (23 SE 463, 30 LRA 835, 51 ASR 102). Thus construed, the policy, including the mortgagee clause, covered the personal property, as claimed by the mortgagee. There being no genuine issue of material fact and the pleadings and showing in support of the intervenor's motion for a summary judgment establishing its claim, the court did not err in rendering a summary judgment in favor of the intervenor-mortgagee.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ARGUED JULY 7, 1969—DECIDED JULY 16, 1969.

*Long, Weinberg & Ansley, Sidney F. Wheeler, Charles M. Goetz, Jr.,* for appellant.

*Thomas T. Purdom, Charles L. Henry, D. M. Johnson,* for appellees.