## 50987. COTTON STATES MUTUAL INSURANCE COMPANY v. BOWDEN et al.

Submitted September 8, 1975 — Decided October 20, 1975—
Rehearing denied November 10, 1975 —

*Richter & Birdsong, A. W. Birdsong, Jr.,* for appellant.

*Bray & Belk, Claude A. Bray, Jr., Valianos, Joh & Homer, Christopher J. Valianos,* for appellees.

Deen, Presiding Judge.

Under Part I of the policy the insurer agreed to defend any suit alleging bodily injury or property damage arising out of the ownership, maintenance or use of the owned automobile. The policy further defines "owned automobile" as including a "temporary substitute automobile" which is further defined as "any private passenger, farm or utility automobile *not owned by the named insured,* while temporarily used as a substitute for the owned automobile when it is withdrawn from normal use because of its breakdown repair, servicing, loss, or destruction. . ." (Emphasis supplied.) It is uncontroverted that the insured was driving his wife's car because of repair work being done on his truck. The insurer contends however that the words "named insured" include both the individual named in the declarations

and his spouse, if a resident of the same household and therefore an automobile owned by the insured's wife cannot be a "temporary substitute automobile" which would be covered by the policy; the definition of "named insured" under Part I of the policy bears out the insurer's contention. The insured argues that the declarations list only his name as the "named insured" while the policy defines it to include his wife also; upon this he urges as ambiguity and a construction most favorable to himself as the insured.

We reverse the trial court and find no coverage under the policy. The contract of insurance clearly states that a "temporary substitute automobile" cannot be owned by the "named insured." "Named insured" is likewise clearly defined in the policy as the individual named in the declarations *and* his spouse if residing in the same household. There was no ambiguity or deceptive verbiage involved and the policy is not open to construction but the literal meaning must be attributed to it. *Fireman's Fund Indem. Co. v. Mosaic Tile Co.*, 101 Ga. App. 701 (115 SE2d 263). All that need be proved to negate coverage was that the automobile was owned by the insured's wife and that she was residing in the same household. This being done, it was error to hold that coverage was afforded under the policy.

Nor is there any merit to the insured's argument that there is an ambiguity between the definition of "named insured" found in the declarations and in the policy itself. The definitions under Part I dealing with liability specifically state that "named insured" includes for its purposes the individual named in the declarations and his spouse if she lives in the same household. There is no ambiguity; the definition in the policy merely includes that found in the declarations. The rule that ambiguities in insurance contracts must be construed most favorably to the insured has no application when the contract is unambiguous. *Hulsey v. Interstate Life &c. Ins. Co.*, 207 Ga. 167 (1) (60 SE2d 353). Where the language fixing the extent of liability of an insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made. *Moore v. Allstate Ins. Co.*, 108 Ga. App. 60 (1) (131 SE2d

834).

*Judgment reversed. Bell, C. J., Quillian, Clark, Stolz and Marshall, JJ., concur. Pannell, P. J., Evans and Webb, JJ., dissent.*

EVANS, Judge, dissenting.

This case revolves around the meaning of the words in an insurance policy, to wit: "named insured."

Bowden's automobile was insured, but on the day of the injury, he was driving his wife's automobile which was not insured. Suit was brought against him by the other party and he called on his own insurance company to defend. He advised his insurance company that he was driving his wife's automobile as "a temporary substitute automobile" on the day of the collision, and that under the terms of the policy, it was clearly insured. But the insurance company "lay low" like "Brer Rabbit" and said it would just bring a declaratory judgment action and let the court decide whether it owed its insured, Bowden, a defense in this case. The trial judge was of the opinion that policies of insurance should be strictly construed against the one who wrote the policy (the insurance company and its able lawyers), and ruled that insurance was afforded and there was coverage. The insurer appeals to this court.

1. The terms of the policy provide that the insurance company would defend any suit for damages arising out of use of an *owned automobile;* and it included as its definition of "owned automobile" "any private passenger, farm or utility automobile *not owned by the named insured,* while temporarily used as a substitute for the owned automobile, while the owned automobile was being repaired."

Bowden said this fitted his case like a glove. He was driving a car that he did not own (his wife owned it); he was driving it as a temporary substitute while his car was being repaired and under the plain and exact language used by the insurance company, it was considered as "an owned automobile" during this temporary substitution for his own car while being repaired.

2. But the insurance company said: Hold on—not so fast! There is more language in the policy to be

considered! It pointed out that the policy insured the automobile owned by the *named insured,* and then went on to say that a car owned by the *spouse* of the *named insured* was also *covered.* It seemed to have Bowden backed into a corner; that he owned two cars (under the language of the policy), and insured only one of them, and then suffered the misfortune of having a wreck *while driving his own car that was not insured.*

3. The undisputed facts in the case are that Bowden owned his own car which was undergoing repairs, and his wife owned the temporary substitute automobile he was driving on the day of the collision. Can the insurance company by some legerdemain show that the language in the policy makes Bowden the *owner of his wife's car,* when the facts directly dispute such ownership?

It very cleverly tries to do this by showing that although the policy, at the first, and in large letters shows:

Named                     Joe M. Bowden
Insured
And
Address                Luthersville, Ga. 30291

and then on page 3, in very, very small letters (I talked with our court reporter about attaching a photostat of the policy itself, but found same to be entirely too expensive, if not impossible, so I must content myself by copying verbatim from the policy.) we find this statement: "'Named Insured' means the individual named in item 1 of the declarations and also includes *his spouse,* if a resident of the same household." (Emphasis supplied.)

What is this provision trying to say? That the spouse, though *not named as an insured in the space where the Named Insured. should be,* is still considered a named insured? Surely not! This is just a statement that the *coverage* also extends to the spouse, provided she resides in the same household.

Webster's New International Dictionary defines "named insured" and leaves it beyond any question as to what the term means, and we quote: "Named Insured — A person *specif. named* in an insurance contract as the insured *as distinguished from one protected under a policy whether so named or not."* Thus, we know that Joe

M. Bowden is the one and only named insured, because his name in capital letters is inserted in the space set apart for "Named insured and address" — whereas his spouse is merely covered by the policy, just as if she had been named therein. She is definitely not "specifically named" because her name is not even listed or spelled out.

4.   Next, attention is directed to the third page of the insurance policy, wherein definitions as to *liability* under Part I, persons insured, and definitions are being set forth, Section 2(c) of the second column on that page, to wit: "a temporary substitute automobile, which is any private passenger, farm or utility automobile *not owned by the named insured* while temporarily used as a substitute for the owned automobile when it is withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction ( *provided, however, that a private passenger, farm, or utility automobile owned by a relative shall not be a temporary substitute automobile, except as to actual operation thereof by the named insured,* unless such automobile is covered by any other valid and collectible liability insurance, and in that event the insurance provided by this policy shall be excess insurance over such other valid and collectible liability insurance)." (Emphasis supplied.)

Page 3 of the policy further provides (please notice the language carefully): "provided, however, that a private passenger, farm, or utility automobile owned by a relative shall not be a *temporary substitute automobile except as to actual operation by the named insured . . ."* Temporary substitute automobiles owned by a relative are insured *if operation is by the named insured.*

Here the operation was by the named insured (T. page 2), and the automobile was clearly insured under the above language.

I respectfully dissent and I would affirm the trial judge.

I am authorized to state Presiding Judge Pannell and Judge Webb join in this dissent.