A04A1079. SIMPSON v. INFINITY SELECT INSURANCE COMPANY.

(605 SE2d 39)

BARNES, Judge.

Gregory Wade Simpson sued his stepfather's insurance carrier, Infinity Select Insurance Company, for bad faith in failing to defend him against a suit involving a car accident, as well as bad faith failure to settle within the $15,000 policy limits. Infinity denied liability, contending that Simpson was not insured under the policy. The trial court granted summary judgment to Infinity and denied partial summary judgment to Simpson. Simpson appeals, arguing that the contract was ambiguous and should be construed in his favor. For the reasons that follow, we affirm the trial court.

Simpson was 17 when he had the accident while driving his girlfriend's mother's car. His 16-year-old girlfriend, who was a passenger, suffered major head trauma resulting in severe, permanent cognitive and physical dysfunction. The girlfriend's parents' insurance company paid the parents $97,500, and the parents sued Simpson for further damages. He did not answer the suit against him, which resulted in a default judgment on liability. After a bench trial on damages, the trial court awarded more than $10 million in compensatory and special damages. The judge also awarded $3 million in punitive damages after finding that Simpson was driving under the influence of alcohol when he wrecked the car, and had a prior DUI conviction for which he had been arrested ten days before this wreck. Simpson testified on deposition in this case that he and his girlfriend, as well as another passenger, had been drinking the night of the wreck, which occurred because he lost control of the car on a curve and hit a pole.

Simpson sued Infinity for breach of contract, bad faith refusal to settle, and punitive damages. Infinity answered, denying liability, and moved for summary judgment, contending that Simpson was not covered under the contract terms. Simpson moved for partial summary judgment as to liability, arguing that because the contract was

ambiguous and should be construed to provide coverage, Infinity was liable for breach of contract and bad faith failure to settle.

In granting summary judgment to Infinity, the trial court held that,

> [c]ontrary to Plaintiff's contentions, the language at issue in the contract is not susceptible to two or more *reasonable* interpretations. See *AXA Global Risks v. Empire Fire and Marine Ins.* [*Co.*], 251 Ga. App. 543 [(554 SE2d 755) (2001)].

> When the policy sections entitled "**DEFINITIONS USED THROUGHOUT THIS POLICY**," "**PART 1 — LIABIL-ITY**" and "**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**" (page 2 of policy) are read in conjunction, it is clear that an insured person with respect to a non-owned car does not include a resident or relative. It covers "**you**" which is defined as the "policyholder named in the Declaration and spouse if living in the same household." (Page 1 of policy)

> If the policy was intended to cover a "resident/relative" in this scenario, as propounded by Plaintiff, such reading would make the words "a relative, or resident" superfluous in subsection (7) of page 1: "**Non-owned car**" means a **car** used by **you** with the express or implied permission of the owner, not owned by, furnished or available for the regular use of **you**, a **relative**, or **resident**.
>
> . . .
> Plaintiff's contention that the unparallel use of "this part" and "the part" is confusing and ambiguous is without merit. The use of these phrases [is] consistent throughout the entire body of the policy, and are clear when read as a whole and when reasonably construed.

Simpson asserts that the trial court erred in granting summary judgment to Infinity. He argues that the insurance policy is ambiguous and confusing, and that it should be construed against the insurer and in his favor, making him an insured person under his stepfather's policy. Infinity thus should have paid its policy limits or defended him against the underlying lawsuit. Infinity responds that Simpson was not insured under the unambiguous terms of the policy. He was not named in the application or any of the subsequent renewals, and the company asserts that Simpson is not covered as an insured under the policy terms.

On appeal, we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in [the] light most favorable to the nonmoving party, demonstrates [a] genuine issue of material fact. Summary judgment is proper only when . . . no . . . issue of material fact [exists] and the moving party is entitled to judgment as a matter of law.

(Footnotes omitted.) *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001). Further, when ruling on a motion for summary judgment, a court must give the opposing party the benefit of all reasonable doubt, and the evidence and all inferences and conclusions therefrom must be construed most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). On motions for summary judgment, however, courts cannot resolve the facts or reconcile the issues. *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

In this State,

[t]he construction of contracts involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury. (Cit.)

(Citation omitted.) *Schwartz v. Harris Waste Mgmt. Group*, 237 Ga. App. 656, 660 (2) (516 SE2d 371) (1999). The existence or nonexistence of an ambiguity is a question of law for the court. *Southeast Atlantic Cargo Operators v. First State Ins. Co.*, 197 Ga. App. 371, 372 (398 SE2d 264) (1990). If the court determines that an ambiguity exists, however, a jury question does not automatically arise, but rather the court must first attempt to resolve the ambiguity by applying the rules of construction in OCGA § 13-2-2. Id.

In this case, the question is whether the insurance policy issued to Simpson's stepfather is ambiguous, and should be construed to

cover him while he was driving a noninsured car. The parties agree that Simpson was not listed on the policy as a driver or resident of his parents' household. Simpson contends that he is covered under the policy definition of a nonowned car for which coverage is provided: " 'Non-owned car' means a car used by you with the expressed or implied permission of the owner, not owned by, furnished, or available for the regular use of *you, a relative, or a resident*." (Emphasis supplied.) The policy defines "you" and "your" as "the Policyholder named in the Declarations and spouse if living in the same household." Simpson argues that the phrase "you, a relative, or a resident" used to define a nonowned car could be read to define the "you" who is insured. He further argues that the use of the word "you" throughout the policy is inconsistent, sometimes covering more than the named insureds, as for example when the policy discusses coverage for someone else driving the insured vehicle.

Looking at the contract as a whole, as we must, we conclude that the contract does not provide coverage for Simpson in this case. The provision for coverage of nonowned cars is more restrictive than the coverage for insured cars, providing coverage only if "you" are driving a car that was not regularly available. The phrase "you, a relative, or a resident," on which Simpson pins his main argument, is only used to define a nonowned car. The policy defines "you" as the policyholder and spouse if living in the same household, and while Simpson may or may not have been covered if he had been driving an insured vehicle, the policy itself plainly limits coverage for nonowned vehicles to the named insureds. In the insurance application, Simpson's stepfather listed only himself and his wife, Simpson's mother, as the household residents. He answered yes when asked if "all drivers, such as children away from home or in college, who may operate your vehicle(s) on a REGULAR basis or any INFREQUENT basis were listed on this application," and if "all residents of your household [had] been disclosed on this application." The stepfather never asked that Simpson be added to the policy, although Simpson testified that he came to live with his mother and stepfather before the wreck.

Simpson presented evidence from experts who testified that this insurance contract was confusing. A Dean of the College of Arts and Sciences in Valdosta testified by affidavit that, in her opinion, the policy contained "grammatical ambiguities" that "cause an uncertainty as to the definition of who is an insured while operating a non-owned vehicle." Additionally, a part-time university professor who teaches insurance underwriting and claims administration testified by affidavit that, in his opinion, Infinity's policy contained several ambiguities that "cause confusion and uncertainty as to who is an insured while operating a non-owned vehicle." This court, however, must review the trial court's independent analysis of whether

the insurance contract was ambiguous. "The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." (Punctuation and footnote omitted.) *Continental Ins. Co. v. American Motorist Ins. Co.*, 247 Ga. App. 331, 335 (1) (542 SE2d 607) (2000).

In deciding this issue, we ascertain the parties' intention by looking at the insurance contract as a whole. *Continental Ins. Co. v. American Motorist Ins. Co.*, supra, 247 Ga. App. at 333. In so doing, we consider the ordinary and legal meaning of the words employed in the contract. Id. Although an exclusionary provision must be construed strictly against the insurer, the construction must be reasonable. Id. We find that the construction urged by Simpson is not reasonable in the context of this case.

While the situation would have been better handled if the insurance company had filed a declaratory judgment action, rather than allow the underlying suit to go to default and engender this subsequent litigation with its attendant costs and efforts, it chose not to do so. Its failure to seek a declaratory judgment does not change the insurance policy's terms of coverage, and examining the whole contract, as we must, we find no ambiguity. The trial court did not err in granting summary judgment to Infinity.

Because Simpson was not insured under the policy, his claims for breach of contract and bad faith failure to settle must also fail.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 3, 2004 —
RECONSIDERATION DENIED SEPTEMBER 22, 2004 —

*Charles A. Gower, O. Wayne Ellerbee, William A. Turner, Jr., Teresa T. Abell*, for appellant.

*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr.*, for appellee.