S09G0348. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. STATON et al.
(685 SE2d 263)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Staton v. State Farm Auto. Ins. Co.*, 294 Ga. App. 208 (669 SE2d 164) (2008) and posed this question: Did the Court of Appeals err in concluding that Staton was entitled to stack the uninsured motorist coverage from his employer's insurance policies which covered vehicles that were not involved in the car accident in which he was injured? See OCGA § 33-7-11 (b) (1) (B); *Beard v. Nunes*, 269 Ga. App. 214 (603 SE2d 735) (2004). The short answer is "yes."

Cecil Staton was severely injured in an automobile collision. The vehicle he was driving was owned by his employer, Smyth & Helwys Publishing, Inc. ("Smyth & Helwys"),[1] and insured by State Farm. The policy identified the "named insured" as the "first person named" on the declarations page. Smyth & Helwys was the first and only name listed on that page. Smyth & Helwys owned two other vehicles which were insured separately by State Farm, but which were not involved in the collision. These policies also identified Smyth & Helwys, and only Smyth & Helwys, as the named insured on the declarations pages.

The UM coverage for each separate policy was $100,000. Staton

---

[1] Staton was an officer and majority shareholder in Smyth & Helwys, a subchapter S corporation.

wanted to stack the policies to provide UM coverage totaling $300,000. State Farm moved for summary judgment, arguing that Staton was not the named insured on any of the policies and that, therefore, he could seek UM coverage on the policy covering only the vehicle he was driving at the time of the collision. See *Beard v. Nunes*, supra; OCGA § 33-7-11 (b) (1) (B). In other words, State Farm asserted, Staton could not stack the policies covering the other two vehicles. The trial court granted the motion and Staton appealed.

The Court of Appeals reversed, holding that the term "named insured" in State Farm's policies was ambiguous for UM purposes because (1) the "named insured" was defined as "the first person named in the declarations"; (2) the policy defined a "person" as "a human being"; and (3) Smyth & Helwys, the corporate entity named as insured on the declarations page, was not a human being. In view of what it deemed to be an ambiguity, the Court of Appeals went on to construe the term "named insured" as including Staton because he was the " 'first *person* named in the declarations' by virtue of being named first as a 'licensed driver [ ] reported to' State Farm" and the evidence demonstrated that he had a reasonable expectation that the policies would be stacked. *Staton*, supra at 212, 213. Finally, the Court of Appeals concluded that Staton could stack the policies for UM purposes because he was the named insured on each policy. See *Beard v. Nunes*, supra.

In *Bernard v. Nationwide Mut. Fire Ins. Co.*, 206 Ga. App. 519 (426 SE2d 29) (1992), the Court of Appeals confronted the question of whether an officer of a corporation was covered under the uninsured motorist provisions of a policy issued to the corporation. There, as here, the declarations page listed only the corporation as the named insured; no other individual was named. The uninsured motorist provision specified: "[W]e will pay amounts for bodily injury and property damage that you or your legal representative are legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle." The words "you" and "your" were defined in the policy to "mean or refer to the policyholder first named in the attached declarations, and include that policyholder's spouse if living in the same household." The corporate officer was struck and killed by an underinsured driver while he was standing in the front yard of his house. The corporation's car was parked about 50 feet away at that time. The Court of Appeals determined that the officer was not covered for UM purposes because (1) he was not the named insured and (2) he was not using the corporation's car at the time of the accident. In determining that the corporate officer was not entitled to the coverage afforded a named insured under the policy, the appellate court opined that the term "legal representa-

tive" did not put the officer in the named insured category.

Here, the policy states that the named insured is the "first person named in the declarations." The only entity named in the declarations is Smyth and Helwys, a corporation. No other person is named as an insured. It follows that, as in *Bernard*, the corporation is the named insured.

In spite of the fact that only Smyth and Helwys is named as the insured, the Court of Appeals determined that the identity of the named insured was ambiguous because the policy defined a person as a "human being," and Smyth and Helwys, a corporation, is not a human being. We cannot accept this analysis.

The existence vel non of an ambiguity in an insurance policy is a matter of law for the court. *Simpson v. Infinity Select Ins. Co.*, 269 Ga. App. 679, 681 (605 SE2d 39) (2004). An insurance contract will be deemed ambiguous only if its terms are subject to more than one reasonable interpretation. "'The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney.' (Punctuation and footnote omitted.) *Continental Ins. Co. v. American Motorist Ins. Co.*, 247 Ga. App. 331, 335 (1) (542 SE2d 607) (2000)." Id. at 683.

When an insurance contract is deemed to be ambiguous, it will be construed liberally against the insurer and most favorably for the insured. However, while an ambiguity is to be construed in favor of the insured, "this court may not strain the construction of the policy so as to discover an ambiguity. [Cit.]" *Shaw v. State Farm Mut. Ins. Co.*, 107 Ga. App. 8, 11 (129 SE2d 85) (1962). In other words, the rule of liberal construction of an insurance policy cannot be used to create an ambiguity where none, in fact, exists. Thus, "[w]here the language fixing the extent of liability of an insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made. [Cit.]" *Cotton States Mut. Ins. Co. v. Bowden*, 136 Ga. App. 499, 500 (221 SE2d 832) (1975).

Viewing the State Farm policies as a whole and giving a reasonable, unstrained interpretation to their terms, we conclude that the term "named insured" is not ambiguous. As discussed above, the policies plainly state that the named insured is the first person named on the declarations page. Only the name Smyth and Helwys appears on that page. The plain and ordinary meaning is readily apparent — Smyth and Helwys is the named insured. To the extent that the pre-printed portion of the policies — which define a person as a human being — are in conflict with the written portion, i.e., the name appearing on the declarations, the written portion must prevail. See *Surles v. Milikin*, 97 Ga. 485 (25 SE 322) (1895) ("It is a well settled rule, in construing contracts, such, for instance, as policies of insurance, the main portions of which are printed and

the special or particular portions adapting it to the precise agreement of the parties are written, that the written words should be given greater force and effect than those which are printed."); *Aetna Life & Cas. Co. v. Charles S. Martin Distributing Co.*, 120 Ga. App. 133 (2) (169 SE2d 695) (1969) (typewritten portion of insurance policy which specified coverage of personal property prevailed over printed clause which provided that personal property was inapplicable). See also OCGA § 13-2-2 (7) ("When a contract is partly printed and partly written, the latter part is entitled to most consideration.").

Because we conclude that Smyth and Helwys is the only named insured and the policies are not ambiguous, we reverse.

*Judgment reversed. All the Justices concur, except Hunstein, C. J., and Carley, P. J., who dissent.*

CARLEY, Presiding Justice, dissenting.

For the reasons set forth in Judge Ellington's excellent opinion in *Staton v. State Farm Auto. Ins. Co.*, 294 Ga. App. 208 (669 SE2d 164) (2008), I believe that the judgment of the Court of Appeals should be affirmed in its entirety. Accordingly, I must respectfully dissent to the majority's opinion reversing that judgment and reinstating the trial court's grant of summary judgment in favor of the insurer. The result reached today deprives Staton of his right to stack the limits of all of the available uninsured motorist coverage provided by the policies as properly construed by the Court of Appeals. See *Ford v. Ga. Farm &c. Ins. Co.*, 191 Ga. App. 735, 737 (382 SE2d 659) (1989).

I am authorized to state that Chief Justice Hunstein joins in this dissent.

DECIDED OCTOBER 19, 2009.

*Martin Snow, Cubbedge Snow III, Thomas P. Allen III*, for appellant.

*David F. Guldenschuh, Magruder & Sumner, J. Clinton Sumner, Jr., John A. Owens*, for appellees.

*Pope & Howard, J. Marcus Howard, Chambers, Aholt & Rickard, Clyde E. Rickard III, O'Neal, Brown & Sizemore, Jarome E. Gautreaux*, amici curiae.