A09A2128. BANKS et al. v. BROTHERHOOD MUTUAL INSURANCE COMPANY.

(686 SE2d 872)

MIKELL, Judge.

James Gregory Banks and his wife, Donna (collectively, "Banks"), appeal the grant of summary judgment to Brotherhood Mutual Insurance Company ("Brotherhood") in this declaratory judgment action. Because the trial court correctly determined that Brotherhood was not obligated to pay uninsured motorist ("UM") benefits to Banks, we affirm.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[1] "Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant."[2]

So viewed, the record shows that Banks was injured in a vehicular collision on August 24, 2004, while driving a service truck owned and insured by the City of Toccoa. Banks was employed by the City and received workers' compensation benefits as a result of his

---

[3] We note that these rulings do not appear in the record before us.

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] (Citation omitted.) *McKinnon v. Progressive Bayside Ins. Co.*, 278 Ga. App. 429, 430 (629 SE2d 100) (2006).

injuries. At the time of the collision, Banks also was the pastor of the Hollywood Church of God ("the Church"). The Church owned a van, which Banks was permitted to use. The van was insured by Brotherhood under a policy listing the "Hollywood Church of God Inc." as the named insured on the declarations page. The Church, however, has never been incorporated. Rather, it operates under the doctrines, mandates, and denominational charter of the Church of God International, which is a nonprofit corporation.

In 2006, Banks sued the alleged tortfeasor and served a copy of the lawsuit on Brotherhood, claiming entitlement to UM coverage under the Church's policy. The policy's UM endorsement states that if the named insured is an individual, then that individual and any family members are covered, as well as anyone else occupying the covered vehicle. If the named insured is "[a] partnership, limited liability company, corporation or any other form of organization," then anyone occupying the covered vehicle is insured.

Brotherhood filed a declaratory action and moved for summary judgment, contending that Banks was not a named insured under the policy and was not entitled to UM coverage because he was not occupying the covered vehicle — the Church's van — at the time of the collision. In opposition to Brotherhood's motion, Banks argued that because the named insured is a nonexistent entity, he should be deemed to be the named insured under the policy. The trial court granted summary judgment to Brotherhood, ruling that the Church was the named insured on the policy and that the addition of "Inc." to the Church's name on the declarations page was a mere misnomer that did not affect the scope of coverage. Accordingly, the court ruled that Banks was not entitled to UM coverage. Banks enumerates these rulings as error.

1. An insurance policy is governed by the ordinary rules of contract construction,[3] and the cardinal rule of construction is to ascertain the intent of the parties.[4] In discerning the parties' intent, "the whole instrument should be considered together, along with the surrounding circumstances."[5] Whether or not an ambiguity exists in an insurance policy is a matter of law for the court to decide.[6] "When the language of a policy is unambiguous and capable of but one reasonable construction, we enforce the contract as written."[7] Stated

---

[3] *Progressive Preferred Ins. Co. v. Brown*, 261 Ga. 837, 838 (1) (413 SE2d 430) (1992).

[4] Id.; see OCGA § 13-2-3.

[5] (Citation omitted.) *Brown*, supra. Accord *Sherman & Hemstreet, Inc. v. Cincinnati Ins. Co.*, 277 Ga. 734, 737 (3) (594 SE2d 648) (2004).

[6] *State Farm &c. Ins. Co. v. Staton*, 286 Ga. 23, 25 (685 SE2d 263) (2009).

[7] (Punctuation and footnote omitted.) *Crouch v. Federated Mut. Ins. Co.*, 257 Ga. App. 604, 607 (c) (571 SE2d 574) (2002).

differently, "[a]n insurance contract will be deemed ambiguous only if its terms are subject to more than one reasonable interpretation. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney."[8]

Banks contends that the addition of "Inc." to the Church's name on the declarations page results in there being no named insured at all because "Hollywood Church of God Inc." is a nonexistent entity. Thus, Banks asserts, there is an issue of fact as to whether coverage should extend to him as an agent of the Church. In support of this position, Banks cites, inter alia, the general rule that ambiguities in an insurance contract are construed strongly against the insurer, and policies are liberally construed to provide coverage.[9] But "the rule of liberal construction of an insurance policy cannot be used to create an ambiguity where none, in fact, exists."[10]

Viewing the policy as a whole, and taking into account the surrounding circumstances, we conclude that the "named insured" is not ambiguous. Rather, the parties clearly intended for the Church to be the named insured. The policy at issue is not a personal policy issued to an individual; it is a "business auto policy." The declarations page lists the "Named Insured" as the "Hollywood Church of God Inc." According to the underwriter, Brotherhood "intended to insure the organization called the Hollywood Church of God." The policy had been written to insure the Church and was continually renewed for four years. The Church's address is correctly listed on the declarations page. The only covered vehicle is the Church's van. The policy contains a Commercial Auto Ministry Use Endorsement, which states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." As noted above, the UM endorsement provides that "[i]f the Named Insured is designated in the Declarations as . . . [a] partnership, limited liability company, corporation or any other form of organization, then the following are 'insureds': a. Anyone 'occupying' a covered 'auto.' " The policy does not define the word "organization." As such, we employ the commonly accepted meaning of the word, as defined in dictionaries.[11] An organization is commonly defined as an "association" or a "society";[12] "a group of people that has a more or less constant membership, a body of officers, a purpose, and [usually]

---

[8] (Citation and punctuation omitted.) *Staton*, supra.

[9] See *United States Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 78 (1) (355 SE2d 428) (1987).

[10] *Staton*, supra.

[11] See *Empire Fire &c. Ins. Co. v. Daniels*, 279 Ga. App. 602, 605 (1) (631 SE2d 799) (2006).

[12] Webster's New Collegiate Dictionary (1977), p. 809.

a set of regulations."[13] Banks deposed that the Church has approximately 95 members and several volunteer committees, although he is the only paid employee. The Church is subject to the doctrines of its parent organization. Banks himself describes the Church as a "religious association." Accordingly, giving the policy terms a reasonable interpretation, and giving effect to the intent of the parties, we conclude that the Church is a form of organization and is the named insured within the meaning of the policy. As Banks was not occupying the Church van at the time of the collision, he is not entitled to UM coverage under the policy. The trial court properly granted summary judgment to Brotherhood.

2. Banks assigns error to the trial court's order for other reasons, but we need not address them. "A grant of summary judgment must be affirmed if right for any reason. . . . It is the grant itself that is to be reviewed for error, and not the analysis employed."[14] Here, the trial court correctly granted summary judgment to Brotherhood for the reasons stated above, and we need not review other analyses employed by the court to reach its decision.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2009.

*David L. Hudgins*, for appellants.
*Goodman, McGuffey, Lindsey & Johnson, Robert A. Luskin, Adam C. Joffe*, for appellee.

---

[13] Webster's Third New International Dictionary (3d ed. 1976), p. 1590.
[14] (Citation and punctuation omitted.) *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007).