[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11892
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-02780-JEC

AYDIN AND COMPANY,

Plaintiff - Appellant,

versus

JEWELERS MUTUAL INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 11, 2011)

Before EDMONDSON, WILSON and ANDERSON, Circuit Judges.


PER CURIAM:

In this insurance coverage dispute, Plaintiff-Appellant and insured Aydin & Company appeals the grant of summary judgment in favor of Defendant insurer Jewelers Mutual Insurance Company. No reversible error has been shown; we affirm.

Plaintiff sells high-end jewelry. Plaintiff alleged that Fezvi Aydin, Plaintiff's president, flew from Atlanta, Georgia, to Cleveland, Ohio, to show a client some jewelry. Before he boarded the plane, Aydin had to give his carry-on luggage, which contained the jewelry, to an airline employee because the luggage was too large to fit in the overhead storage bin. When Aydin got to his client's house, he discovered that five pieces of jewelry were missing from his bag. Plaintiff alleged that its insurance policy with Defendant covered this loss.

The district court concluded that the policy did not cover the loss because the jewelry was not in Plaintiff's custody when the loss occurred. As an alternative basis to deny coverage and grant summary judgment to Defendant, the court pointed to the provision in the policy excluding coverage for losses occasioned by criminal, fraudulent, and dishonest acts.

The court also concluded that the exception to this provision for "temporary safekeeping during travel," did not apply. Furthermore, the district court rejected Plaintiff's theory that the loss occurred during Aydin's security screening because,

under this theory, the loss was "unexplained" and, therefore, not covered, and because Plaintiff offered no factual basis to support this theory. We review <u>de novo</u> a district court's grant of summary judgment; and we view all evidence and draw all reasonable inferences in favor of the non-moving party. <u>Harrison v. Benchmark Elecs. Huntsville, Inc.</u>, 593 F.3d 1206, 1211 (11th Cir. 2010).

Under Georgia law, "[a]n insurance policy is governed by the ordinary rules of contract construction." <u>Banks v. Bhd. Mut. Ins. Co.</u>, 686 S.E.2d 872, 874 (Ga. Ct. App. 2009). And "[t]he words used in policies of insurance, as in all other contracts, bear their usual and common significance, and policies of insurance are, as in all other contracts, to be construed in their ordinary meaning." <u>Lawyers Title Ins. Corp. v. Griffin</u>, 691 S.E.2d 633, 636 (Ga. Ct. App. 2010).

To resolve this dispute, we must interpret the terms of Plaintiff's policy with Defendant. The purpose of the policy was to insure the inventory of a jewelry merchant on the merchant's business premises. But the policy provided coverage when the jewelry was off the premises as long as the jewelry was in custody of the insured or its employee. The policy carved out an exclusion of coverage for any loss resulting from criminal, fraudulent, or dishonest acts by someone to whom the insured entrusted the jewels; but an exception existed if the insured entrusted the property to someone for "temporary safekeeping during travel."

3

On appeal, Plaintiff argues that the "temporary safekeeping during travel" exception covered the loss and that the district court erred in construing the safekeeping exception too broadly.[1] We disagree.

If someone stole the jewels after Aydin gave the bag to an airline employee, then this act would constitute theft, a crime; and the loss would not be covered given the exclusion for criminal acts. The "temporary safekeeping during travel" exception would not apply to cover the loss. We conclude, as did the district court, that, when the airline took Aydin's bag, it did so not for the purposes of safekeeping, but for transportation. That the airline employee allegedly told Aydin the contents of the bag would be "safe" is unavailing. Any such promise is incidental to the airline's contract of carriage with its passengers.[2] And here, the airline specifically disclaimed responsibility for jewelry contained in checked baggage in its contract of carriage.[3] So, Aydin could not have -- as Plaintiff asserts on appeal -- intended to give the bag to the employee for safekeeping,

---

[1] Plaintiff makes no challenge to the district court's determination that Aydin lacked custody of the jewelry after he gave it to the airline employee and, thus, the loss was not covered for that reason.

[2] In addition, the employee's statement would be inadmissible hearsay, which cannot be considered on a motion for summary judgment. Macuba v. DeBoer, 193 F.3d 1316, 1322 (11th Cir. 1999).

[3] This contract of carriage easily was accessible to Aydin through the airline's website, at the ticket counter, or in the interior of his ticket jacket that he was issued at check-in.

when the airline itself refused to promise protection for jewelry contained in checked bags.

On appeal, Plaintiff chiefly presses a different theory of loss and submits that sufficient facts existed for a jury to infer that the loss occurred during Aydin's security screening. Plaintiff introduced this theory for the first time in a response to Defendant's second motion for summary judgment.[4] Plaintiff asserted that the inspectors took Aydin's bag to a separate room during inspection and inspected the bag with their backs to Aydin, such that he could not see the entire inspection.

But Plaintiff's alternative theory simply has no factual basis in the record. In fact, Aydin conceded in his deposition that he never was prevented from seeing what the agents were doing, that nothing strange happened during the inspection, and that the inspection took only about ten minutes. The speculative inferences Plaintiff now presents simply are unsupported by facts in the record.[5] See Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) (explaining that it is

---

[4] After the first motion for summary judgment, the district court ordered that the parties conduct discovery because the stipulated facts were too scant to provide proper context for the incident in question.

[5] These inferences include that the inspectors "might have taken the jewelry" because the most expensive pieces were taken, the pieces were organized in separate containers, and the inspection took a long time.

well settled that conclusory allegations without specific supporting facts have no probative value).[6]

Because Plaintiff lacked custody over the bag and because the loss would have been caused by the criminal act of someone into whose custody the jewelry was given, any loss resulting from a theft during the airline's custody of the bag was not a covered loss.

AFFIRMED.

---

[6] Even if the loss did occur, as Plaintiff presently purports, during security screening, Plaintiff's claim suffers from the same infirmities it did if the loss occurred after Aydin gave his bag to the airline employee. Plaintiff did not have custody of the bag when the loss occurred; and the taking of the jewelry by the inspectors would constitute theft and, therefore, the loss would not be covered by the policy. Nothing indicates that Aydin gave the jewelry to the inspectors for "temporary safekeeping during travel."