EMPLOYERS MUTUAL CASUALTY COMPANY, Plaintiff-Appellee,

v.

SHIVAM TRADING, INC., et al., Defendants,

Vicki Thrift, Defendant-Appellant.

No. 17-12672
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(January 11, 2018)

---

Thomas Jeffery Lehman, Thomas Eugene Brennan, Fain Major & Brennan, PC, Atlanta, GA, for Plaintiff-Appellee

Earl Daniel Smith, Jr., Earl Daniel Smith, Jr., PC, Nahunta, GA, C. Deen Strickland, D. Deen Strickland, P.C., Waycross, GA, for Defendant-Appellant

Before WILSON, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Employers Mutual Casualty Company ("EMC") brought suit for a declaratory judgment against Shivam Trading, Inc. and Vicki Thrift freeing EMC from any obligation to defend Shivam in a suit brought by Thrift. The district court granted summary judgment to EMC. Thrift timely appealed to this Court. For the following reasons, we affirm the judgment of the district court.

We assume that the parties are familiar with the facts underlying Thrift's lawsuit against Shivam, so we will only briefly discuss the facts relevant to the case on appeal. Thrift has a pending suit in Georgia state court against Shivam for an injury suffered in a slip and fall at a convenience store operated by Shivam. Shivam leased the store from Sidhi Investment Corporation, who owned the store. Thrift also brought suit against Sidhi, but Sidhi obtained summary judgment against Thrift on those claims.

Sidhi was insured by EMC, and Shivam was listed on Sidhi's insurance policy as an "additional insured." EMC contends that it has no obligation to defend Shivam because, as an additional insured, the insurance policy did not cover Shivam for the type of slip and fall injury that occurred in this case. In Sidhi's insurance contract with EMC, the preamble states that throughout the policy " 'you' and 'your' refer to the Named Insured shown in the Declarations." Sidhi is undisputedly the named insured on the policy. Further, the policy contained an endorsement:

Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf in the performance of your ongoing operations or in connection with your premises owned by or rented to you.

The parties dispute the meaning of the words "you" and "your" in the endorsement. EMC contends, and the district court agreed, that you and your unambiguously refer only to the named insured, and so the additional insured is only covered for liability caused, "in whole or in part," by the acts of the named insured. Thrift, on the other hand, contends that you and your are ambiguous in the endorsement, and so should be construed against the insurer in favor of coverage.

We review a district court's grant of summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party. See Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1249 (11th Cir. 2015). The parties agree Georgia law controls in this case. Under Georgia law, the "construction of a contract is a question of law for the court." O.C.G.A. § 13-2-1. "[I]t is the understanding of the average policyholder which is to be accepted as a court's guide to the meaning of words, with the help of the established rule that ambiguities and uncertainties are to be resolved against the insurance company." Fid. Nat'l Title Ins. Co. v. Keyingham Inv., LLC, 288 Ga. 312, 702 S.E.2d 851, 853 (2010) (citations omitted). However, "the rule of liberal construction ... cannot be used to create an

ambiguity where none, in fact, exists." State Farm Mut. Auto Ins. Co. v. Staton, 286 Ga. 23, 685 S.E.2d 263, 266 (2009).

We agree with the district court that the policy unambiguously only covers wrongdoing by Sidhi. The preamble to the policy clearly states that "you" and "your" throughout the policy only refer to the named insured, who is indisputably only Sidhi, not Shivam. Thrift points to the endorsement and specifically to the last sentence, "owned by or rented to you," to argue that the language is ambiguous about whether it refers to only Sidhi or to Sidhi and Shivam. However, nothing in the endorsement contravenes the language in the preamble, and the endorsement is most convincingly read in tandem with the preamble. The most logical reading of the endorsement is that an additional insured [Shivam] is only covered for liability "caused, in whole or in part, by [Sidhi's] acts or omissions or the acts or omissions of those acting on [Sidhi's] behalf in the performance of [Sidhi's] ongoing operations or in connection with [Sidhi's] premises owned by or rented to [Sidhi]." Because you and your unambiguously refer to Sidhi, and Sidhi was found not liable to Thrift for her slip and fall, EMC is not liable under the policy for Thrift's slip and fall.

Thrift also argues that EMC should be estopped from refusing coverage because of representations by the independent insurance agent, Lovett. This argument is without merit. As the district court notes, under Georgia law, while an insurance company can be estopped as to the existent of an insurance contract, estoppel cannot be used to extend the unambiguous meaning of a contract. See Sapp v. State Farm Fire & Cas. Co., 226 Ga.App. 200,

486 S.E.2d 71, 76 (1997). Accordingly, the judgment of the district court is

**AFFIRMED.**[1]

---

1. Thrift's argument that the district court erred in denying summary judgment to Thrift is also rejected.