Certified Envtl. Servs., Inc. v Endurance Am. Ins. Co. (2018 NY Slip Op 00764)





Certified Envtl. Servs., Inc. v Endurance Am. Ins. Co.


2018 NY Slip Op 00764


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1510 CA 17-01125

[*1]CERTIFIED ENVIRONMENTAL SERVICES, INC., PLAINTIFF-APPELLANT,
v
ENDURANCE AMERICA INSURANCE COMPANY, ET AL., DEFENDANTS, AMERICAN SAFETY CASUALTY INSURANCE COMPANY, AND INDIAN HARBOR INSURANCE COMPANY, DEFENDANTS-RESPONDENTS. 






CAMARDO LAW FIRM, P.C., AUBURN (KEVIN M. COX OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, HAWTHORNE (BRIAN M. MARGOLIES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 16, 2016. The judgment granted the motion of defendants-respondents seeking, in effect, a declaration that defendants-respondents had no obligation to defend or indemnify plaintiff in the underlying criminal action, and dismissed the amended complaint against them. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reinstating the amended complaint against defendants-respondents and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff was indicted by a grand jury and later convicted upon a jury verdict of, inter alia, aiding and abetting violations of the Clean Air Act (United States v Certified Envtl. Servs., Inc. , 800 F Supp 2d 391 [ND NY 2011]), but the conviction was vacated on appeal and the matter was remitted for a new trial (753 F3d 72 [2d Cir 2014]). Plaintiff thereafter pleaded guilty to the criminal charge of negligently releasing into the ambient air a hazardous air pollutant, i.e., asbestos, thereby negligently placing other persons in imminent danger of death or serious bodily injury in violation of 42 USC § 7413 (c) (4). Plaintiff was sentenced to a probationary period and agreed to pay restitution. During the criminal action, plaintiff sought a defense and coverage under insurance policies issued by defendants American Safety Casualty Insurance Company (American Safety) and Indian Harbor Insurance Company (Indian Harbor) (collectively, defendants). American Safety issued a policy to plaintiff that included "Environmental Consultant's Professional Liability" (environmental professional liability) coverage, while Indian Harbor issued a policy that included "Professional Liability" (professional liability) and "Contractors['] Pollution Legal Liability" (pollution liability) coverage. Defendants disclaimed any duty to defend or indemnify plaintiff in the criminal action. After the conclusion of the criminal action, plaintiff commenced this declaratory judgment and breach of contract action seeking to recover its defense costs.
Defendants moved, in effect, for a declaration that they had no obligation to defend or indemnify. We conclude that Supreme Court properly granted the motion. The American Safety policy is governed by Georgia law, which provides that, " [w]here the language fixing the extent of liability of an insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made' " (State Farm Mut. Auto. Ins. Co. v Stanton , 286 Ga 23, 25, 685 SE2d 263, 266 [2009]). Here, we conclude that the policy is unambiguous and does [*2]not require American Safety to provide a defense with respect to the criminal action under the environmental professional liability coverage, which provides that American Safety has the right and duty to defend plaintiff against "any claim' or suit' seeking . . . covered damages.' " A "[c]laim" is defined as "any written demand, notice, request for defense, request for indemnity, or other legal or equitable proceeding against [plaintiff]" by a person or entity for, inter alia, "covered damages" arising out of plaintiff's "negligent acts, errors, or omissions." "Covered damages" include "all claim related costs,' " which in turn are defined as "all costs and expenses associated with the handling, defense, settlement or appeal of any claim' or suit.' " Plaintiff contends that the "claim" was its demand requesting a defense and indemnity from American Safety for plaintiff's negligent acts and that the "covered damages" were its attorneys' fees and other costs incurred in the criminal action. Plaintiff's claim against American Safety, however, is not a "claim" within the meaning of the policy inasmuch as it was not made "against [plaintiff]," but rather, in this case, was made by plaintiff (emphasis added).
The Indian Harbor policy, on the other hand, is governed by the law of New York, where it is well settled that "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records , 98 NY2d 562, 569 [2002]). Whether an agreement is ambiguous "is an issue of law for the courts to decide" (id. ). As with the American Safety policy, we conclude that the Indian Harbor policy is unambiguous and does not require Indian Harbor to provide a defense on the criminal action under either the professional liability or pollution liability coverage. The professional liability coverage requires Indian Harbor to defend plaintiff "against any suit,' " which is defined as "a civil proceeding." Inasmuch as there was no civil proceeding against plaintiff in this case, there was no "suit" and, thus, Indian Harbor had no duty to defend under the professional liability coverage.
The pollution liability coverage requires Indian Harbor to pay "those sums that [plaintiff] becomes legally obligated to pay as compensatory damages . . . as a result of a claim' first made against [plaintiff]" and provides that Indian Harbor has the duty to defend plaintiff "against any suit' seeking those compensatory damages." Plaintiff contends that, inasmuch as the allegations of the indictment against plaintiff, if true, could have resulted in civil claims and liability against plaintiff, Indian Harbor had a duty to defend plaintiff in the criminal action. We conclude, however, that the contract unambiguously provides that Indian Harbor has a duty to defend plaintiff against suits only. Inasmuch as there was no suit against plaintiff here, Indian Harbor had no duty to provide a defense.
Finally, although the court properly issued the declaration effectively sought by defendants, it erred in dismissing the amended complaint against them in this declaratory judgment action (see Tumminello v Tumminello , 204 AD2d 1067, 1067 [4th Dept 1994]). We therefore modify the judgment accordingly.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court